Hummer *v.* Hummer.

*H. T. Reid* and *L. R. Reeves*, for defendant.

—————o ◊·o—————

## Hummer *v.* Hummer.

The Legislative act of January 19, 1839, confers jurisdiction upon the district court over the property and persons of insane persons, and similar powers are conferred upon the probate courts, by the act of January 14, 1841 ; held that the jurisdiction of these courts is rendered concurrent.

Where two statutes, passed at different terms in relation to the same subject matter, the subsequent act does not repeal the former, if both can be made to harmonize.

The jurisdiction of a Superior Court, can only be taken away by express words of repeal, or irresistable implication.

Error <em>to Lee District Court.</em>

*Opinion by* WILLIAMS, C. J.   This case was presented to the district court of Lee County, at Keokuk, at January term, 1851, upon the relation of Emeline Hummer wife of Michael Hummer. The necessary process was issued, and upon hearing had, the jury found Michael Hummer to be insane. Judgment was accordingly entered and guardians were appointed to take charge of the person and estate of the said Michael Hummer. The case has been brought to this court by writ of error.

Hummer *v.* Hummer.

The only question for decision here is, as to the jurisdiction of the district court. The legislature of Iowa, by the act entitled " an act concerning insane persons," approved January 19, 1839, expressly gives jurisdiction of the matter to the district court.

It enacts, that " when any district court in this territory shall receive satisfactory information that any person in their respective counties having property, is or has become insane, it shall be the duty of said court to direct the sheriff of the county to summon twelve intelligent and disinterested men of the county," &c. It then proceeds to prescribe the mode of proceeding ; and upon the finding of the jury, that the person is insane, directs that the court shall appoint three suitable persons as guardians, to take charge of the person and estate of such insane person, &c. An act was also passed by the legislature and approved January 24, 1841, which provides, " that the several probate courts in their respective counties in the territory, shall have power to appoint guardians to take care, custody and management of all insane persons, who are incapable of conducting their own affairs, and their estates, real and personal," &c. It then proceeds to make provision for the information, mode of procedure, to judgment, the payment of costs, the appointment of one person to take charge of the person and estate of such insane person ; and it provides, that the guardian shall file bond for the faithful performance of his duties ; that he shall, when requested, render an account of his guardianship, &c., &c. The latter act prescribes the duties of the guardian in detail, in order to the full discharge of his trust.

The 29th section of the act, provides " that all acts and parts of acts contravening the provisions of this act, be and the same are hereby repealed.

It is contended by the counsel of Michael Hummer, who resists this application and seeks to set the judgment of the

district court aside, that this latter act, actually and constructively repeals the act of January 19, 1839.

The power to act in cases of lunacy or persons *non compos mentis*, is given to both courts. The first in express terms empowers the district court to act : and the latter imparts the like power to the probate court. Then do the enactments conflict ? Are they materially inconsistent or repugnant ? Or does the latter repeal the former ?

After a careful examination of these questions, in view of the several acts, and by the rules of the law, which test the matters involved, we answer in the negative. By the several acts, each of the courts is authorised to act in protection of the persons and estates of insane persons. The power imparted to each, is the same. The first enactment provides, that the district court shall appoint three suitable persons as guardians of the person and estate of the insane person. The last enactment provides for the appointment of but one guardian. The district court is not required in express terms to take bond from the guardians for the faithful performance of their duty. By the latter act, such bond is required of the guardian. In the act conferring jurisdiction on the probate court, the mode of procedure is more particularly prescribed than in the other ; but as to this, that procedure is substantially the same as that which is practiced by the district court, in such case, in accordance with the rules of that court. In matter of substance the acts are not inconsistent with each other, nor are they repugnant in their provisions. The rights and interests of the subject of the law, and those concerned, are guarded, protected, and enforced, by the provisions of either act. There can be no doubt that if two enactments, on the same subject, materially conflict, so as to be irreconcilable in their terms, and repugnant to each other, it becomes the duty of a court of law to decide upon such a case, being properly presented, which shall be in force. In such case the enactment of most recent date, will supercede the older one. But

such is not this case. The case of *Laughton* v. *Wallace*
9 New Hamp. R. 59, and the other cases, relied on by the
counsel for Hummer, are of that class, which establish the
doctrine that " where the design to revise a statute clearly
appears, the former are to be considered as no longer in
force, though not expressly repealed." The principle incul-
cated by these authorities is sound, and we recognize it as
such ; but we do not think that the design to revise and re-
peal the former statute "*clearly appears.*"

Courts of law will if possible so construe statutes, as to
give them effect, where they relate to the same subject mat-
ter. It is also a rule well established, that repeals by im-
plication of law are not to be favored *Goddard* v. *Boston,*
24 Pick. 299 ; *Lake* v. *Brookline,* 20 Pick. 407 ; *Haynes*
v. *Jenks,* 2 Pick. R. 172. And also that " two affirmative
statutes being on the same subject, the latter does not repeal
the former if both may consist together ;" 4 Gilman 221; 9.
Cow. R. 437. " Both must stand together if possible."

The district court in this state, possesses the jurisdiction
which is conferred upon those courts which are designated
as superior. It has been decided that the jurisdiction of
such courts can only be taken away by *express words* of re-
peal, or *irresistible* implication ; 8 Pick. 453; 1, U. S. Dig.
§ 630, and cases referred to. If the principle contended for
by the counsel for the defendant, in this proceeding were to
prevail, it would fully controvert the doctrine established by
this court in reference to the jurisdiction of the district
court, and of justices of the peace where the sum in contro-
versy is less than one hundred dollars. By the justice's act,
jurisdiction of cases where the sum in controversy does not
exceed one hundred dollars, is expressly and in direct terms
given to the justice of the peace. By previous law, the dis-
trict court is vested with jurisdiction in general terms,
without a minimum limit. On the question of the jurisdic-
tion of the district court, as to any sum under one hundred
dollars, this court decided that the jurisdiction of these two

courts, in cases where the amount in controversy is under one hundred dollars is concurrent.

The act of January 14, 1841, concerning insane persons, does not expressly repeal the previous enactments on the same subject, approved January 19, 1839. It only repeals so much thereof as may be deemed as "contravening" the provisions of that act.

It is contended that inconvenience will be experienced, if both acts are to be considered in force, from a conflict of jurisdiction. That both courts may be called upon to exercise jurisdiction in the same case by different persons claiming the right to give information, and requiring the interposition of the law, in case of an insane person. This could not be ; for a proceeding having been commenced in either court, and jurisdiction of the case having been thereby assumed, in accordance with the law, the other would be legally precluded from taking cognizance of it.

This principal of jurisdictional procedure has long since been promulged, and is well established.

As there is nothing in the first act, which contravenes the provisions of the latter, so as to render them repugnant, as to the exercise of jurisdiction of the subject matter by the district and probate courts; and as the act of January 14, 1841, by its 29th section only repeals all acts and parts of acts " contravening " its provisions, it is the opinion of the court that, as the law now stands, in virtue of these two enactments, the jurisdiction of the district and probate courts is concurrent.

Judgment affirmed.

J. C. Hall, for plaintiff in error.

R. P. Lowe, for defendant.